IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID H. HUBBARD and <br> JENNIFER HUBBARD, <br>    PLAINTIFFS <br> <br> V. <br> <br> JP MORGAN CHASE BANK, <br> NATIONAL ASSOCIATION and <br> YELLOW ORCHID, LLC, <br>    DEFENDANTS | § § § § § § § § § § § § § § | No. 1:15-CV-00067-RP |

## ORDER

Before the Court are Plaintiffs' Motion for Leave to Amend Pleadings and Motion to Remand, filed on February 19, 2015 (Clerk's Dkt. #9), and Defendant JP Morgan Chase Bank, N.A.'s Response to Plaintiffs' Motion for Leave to Amend Pleadings and Motion to Remand, filed March 5, 2015 (Clerk's Dkt. #13). Defendant Yellow Orchid, LLC has not filed a response to Plaintiffs' pleading. Also before the Court is Plaintiffs' Application for Preliminary Injunction and Request for Hearing, filed on March 4, 2015 (Clerk's Dkt. #10). Having reviewed the parties' pleadings and the applicable case law, as well as the entire case file, this Court issues the following Order.

## BACKGROUND

On December 11, 2014, Plaintiffs filed this action against Defendants in the 207th Judicial District Court of Hays County, Texas. They seek to quiet title and stop eviction proceedings following an allegedly wrongful foreclosure on their real property. Plaintiffs' original state court petition asserted only state law claims against Defendants. However, on January 21, 2015 Plaintiffs amended their state court petition to allege a federal cause of action pursuant to 12 C.F.R. § 1024.41, a regulation under the Real Estate Settlement Procedures Act of 1974

("RESPA"). On January 26, 2015, Defendant JP Morgan Chase, National Association ("Chase") removed the action to this Court based on federal question jurisdiction.

Since removal, Plaintiffs have retained new counsel. On February 19, 2015, Plaintiffs' new counsel sought leave to file an amended complaint so as to voluntarily dismiss the federal claim from this lawsuit, and asked the Court to remand the remaining state law claims to state court. Chase does not oppose Plaintiffs' proposed amendment or the dismissal of the RESPA claim, but does oppose remand of the action to state court.

### *MOTION FOR LEAVE TO AMEND PLEADINGS*

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend pleadings should be freely given when justice so requires. While granting leave to amend is within the discretion of the court, leave should be freely given absent "any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs seek to dismiss their RESPA claim on the ground they do not have a valid claim under the statute. In their amended state court petition, Plaintiffs alleged Chase violated 12 C.F.R. § 1024.41(f) by failing to wait until Plaintiffs were more than 120 days delinquent before sending its first official notice of non-judicial foreclosure. Plaintiffs's new attorney contends this claim fails as a matter of law because Plaintiffs did not file or attempt to file a "loss mitigation application" as required by 12 C.F.R. § 1024.41, and thus failed to meet the procedural prerequisites for such a claim. Chase does not object to Plaintiffs' argument or oppose Plaintiffs filing an amended complaint deleting the federal cause of action. Defendant Yellow Orchid, LLC did not respond to Plaintiffs' motion.

This is Plaintiffs' first motion to amend in federal court. Plaintiffs seek to dismiss their

RESPA claim upon the advice of new, recently retained counsel.  There is nothing to indicate an improper motive on the part of Plaintiffs, such as undue delay or bad faith, and because this case is still in the very early stages of litigation, allowing the amendment will not result in undue prejudice to Defendants.  Moreover, neither of the defendants have opposed such amendment.  Accordingly, this Court in its discretion finds that Plaintiffs should be granted leave to amend their pleadings so as to remove their claim under RESPA.

In light of the foregoing, the next question is whether this Court should exercise supplemental jurisdiction over Plaintiffs' remaining state law claims or remand them back to state court.

***MOTION TO REMAND***

District courts may decline to exercise supplemental jurisdiction over pending state law claims if: (1) they raise novel or complex issues of law; (2) they predominate over the federal claims; (3) all of the claims over which the district court has original jurisdiction have been dismissed; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).  In addition to these statutory considerations, the Court should also consider common law factors such as judicial economy, convenience, fairness and comity when deciding whether or not to exercise supplemental jurisdiction.  *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011).  Whether a court should remand pending state law claims depends on the "totality of circumstances."  See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357(1988).  However, the Court has wide discretion in deciding whether or not to retain jurisdiction over state law claims once all federal claims have been dismissed.  *Enochs*, 641 F.3d at 161.  When claims under federal law are "eliminated at an early stage in the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction" over state law claims.  *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996)(quoting *Carnegie-Mellon Univ.*, 484 U.S. at 351).

This Court has supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. § 1367(a). The issue for this Court is whether the totality of circumstances in this case weigh in favor of exercising such jurisdiction or remanding the remaining claims to state court. Chase objects to remand, arguing Plaintiffs are engaging in impermissible forum manipulation. Defendant Yellow Orchid, LLC has not responded to Plaintiffs' request for remand.

Without the RESPA claim, Plaintiffs' remaining causes of action are governed exclusively by state law. Although these state law claims do not present novel or complex issues of law, they clearly predominate over the now non-existent federal claim. The interests of comity are served by allowing the state court to preside over state law claims. As for judicial economy, this lawsuit is in the nascent stages of litigation. It has been on this Court's docket for less than six weeks, and the parties have not yet engaged in substantial litigation at the federal level. Remanding Plaintiffs' remaining causes of action would not undermine interests of judicial economy. As for fairness, considering the early stage of the proceedings and the fact that Plaintiffs just recently retained new counsel, it seems only fair that Plaintiffs be allowed to pursue their state law claims in state court. Having considered the totality of the circumstances, this Court in its discretion declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and grants Plaintiffs motion for remand.

Therefore, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend Pleadings and Motion to Remand (Clerk's Dkt. #9) is hereby **GRANTED**. Accordingly, the Clerk of Court is hereby directed to file Plaintiffs' Second Amended Complaint, a copy of which was submitted with Plaintiffs' motion.

In light of the foregoing, Plaintiffs' Application for Preliminary Injunction and Request for Hearing (Clerk's Dkt. #10) is hereby **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that this case is **REMANDED** to the 207th Judicial District Court of Hays County, Texas.

**SIGNED** on March 10, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE